**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 25 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MICHAEL SENECA, | No. 11-57073 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-02329-DMS-WVG |
| v. | |
| FIRST FRANKLIN FINANCIAL CORPORATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted June 18, 2013[**]

Before:     LEAVY, TALLMAN, and M. SMITH, Circuit Judges.

Michael Seneca appeals pro se from the district court's judgment dismissing

his action alleging, among other things, violations of the Truth in Lending Act and

the Real Estate Settlement Procedures Act.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo a dismissal for lack of standing.  *Del. Valley Surgical Supply Inc. v. Johnson & Johnson*, 523 F.3d 1116, 1119 (9th Cir. 2008).  We affirm.

Seneca's claims remain property of his Chapter 7 bankruptcy estate because they accrued before Seneca filed his bankruptcy petition but were never scheduled or otherwise administered in his bankruptcy case.  *See* 11 U.S.C. § 554(d) ("Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."); *Canatella v. Towers (In re Alcala)*, 918 F.2d 99, 102 (9th Cir. 1990) (causes of action which accrued before Chapter 7 petition is filed are part of the estate vested in the trustee); *see also Cheng v. K & S Diversified Invs., Inc. (In re Cheng)*, 308 B.R. 448, 461 (B.A.P. 9th Cir. 2004) ("Property of the estate that is not scheduled or otherwise administered by the time the case is closed remains property of the estate forever.").  Accordingly, the district court properly dismissed Seneca's action because Seneca is not the real party in interest and has no standing to pursue his claims.  *See* Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."); *see also Estate of Spirtos v. One San Bernardino Cnty. Superior Court Case Numbered SPR 02211*, 443 F.3d 1172,

1176 (9th Cir. 2006) (bankruptcy code endows bankruptcy trustee with exclusive right to sue on behalf of estate).

Seneca's contentions concerning the lack of oral argument, the propriety of removal to federal court, the adequacy of the district court's explanation of its conclusions, and the district court's consideration of judicially-noticed bankruptcy court orders are unpersuasive.

**AFFIRMED.**